Linda Deos (SBN: 179170)
Deos Law, PC
770 L Street, Suite 950
Sacramento, CA 95814
(916) 442-4442
(916) 583-7693 (Fax)
Deoslawyer@gmail.com

John B. Keating (SBN:148729)
2995 Woodside Road, Suite 350
Post Office Box 620622
Woodside, California 94062
Telephone: (650) 851-5900
Facsimile: (650) 851-5912

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JAMES ANTHONY, individually, and on behalf of the general public,<br><br>Plaintiff.<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. & CARDWORKS SERVICING, LLC<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES AND INJUNCTION RELIEF |

Plaintiff, Robert James Anthony, individually, and on behalf of the general public, hereby generally complains that Defendants, Experian Information Solutions, Inc. and  CardWorks Servicing, LLC, damaged him by a known wrongful practice of repeated failure to conduct reasonable investigations of Plaintiff's credit reporting disputes and incorrectly reported Advanta as an adverse creditor in Plaintiff's credit reports, and more specifically-alleges as follows:

**JURISDICTION AND VENUE**

1.      Mr. Robert James Anthony (herinafter "Plaintiff") brings this action for actual, statutory and punitive damages, injunctive relief, costs and attorney's fees pursuant to 15 U.S.C.

1

section 1681 *et seq.*(Federal Fair Credit Reporting Act ("FCRA"), and state law obligations brought as supplemental claims, including pursuant to California Civil Code section 1785 *et seq* (California Consumer Credit Reporting Agencies Act ("CCRAA")).

2.      The jurisdiction of this Court is conferred by 15 U.S.C. Section 1681(p) and 28 U.S.C. § 1367.  Venue lies in the Eastern District of California as Plaintiff's claims arose from acts of the defendants perpetuated therein.

3.      Plaintiff is a natural person and is a resident and citizen of South Lake Tahoe, El Dorado County, the State of California and of the United States.  Plaintiff is a "consumer" as defined by sections1681a(c) of the FCRA and California Civil Code section 1785.3(b).

4.      Experian Information Solutions, Inc. (hereinafter "Experian") is a corporation, duly licensed, qualified to do business in the State of California.

5.      Experian is a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)] and California Civil Code section 1785.3(d).  Experian is required to comply with the FCRA. Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) and California Civil Code section 1785.3(c) to third parties.

6.      Experian disburses such consumer reports to third parties under contract for monetary compensation.

7.      CardWorks Servicing, LLC (hereinafter "CardWorks") is a corporation doing business in the State of California at the times of the events alleged herein.

8.      CardWorks, Inc. is the parent company of CardWorks Servicing, LLC hired by the owner of the Advanta Business Card Master Trust by its controlling party, Deutsche Bank Trust Company Americas. CardWorks Inc. is a foreign corporation doing business as a bankcard

2

"servicer" and "furnisher" as governed by the FCRA directly and through its wholly owned and operated entity CardWorks Servicing, LLC.

## FACTUAL ALLEGATIONS

9.      Plaintiff's full name is Robert James Anthony. He has never been known by any other name.  He was born in Ohio in 1939. He moved out to California after graduating from North Carolina State in 1962 on a football scholarship. He found employment at Harrah's Casino in South Lake Tahoe, CA as a dealer and retired in 2004 after 35 years of continuous employment. Plaintiff has lived at the same address in South Lake Tahoe since 1969.

10.      Plaintiff takes great pride in his good name and credit record. For his entire life he worked very hard to ensure that his bills were paid in full and on time every month.  Plaintiff believes and understands that his credit rating with all of his creditors was excellent prior to the events alleged herein.

11.      Plaintiff has a son named Robert John Anthony. His son was born in 1964 and currently lives in the Sacramento area. Plaintiff does not live with his son. His son is self employed by Rob's Auto. Plaintiff has never worked for his son. His son has a different social security number than his father.

12.      His son, Robert John Anthony, has a very bad credit history.  On or about March 13, 2012, his son filed for Chapter 7 bankruptcy protection in the Eastern District of California. Soon after his son's bankruptcy filing, Plaintiff received notice from Capital One, GM Card Mastercard, #5466, that it was lowering his credit limit from $5,000.00 to $305.00. He was informed that the reduction in credit was due to his poor credit history. Plaintiff then learned that Chase had closed his North Carolina State Mastercard, #5439, due to his poor credit history. He had had this account for close to 20 years with a credit limit of $20,900.00. Then, Citibank closed

its account with him, after first lowering his credit limit from $8,500.00 to $1,000.00. He had had the Citibank account since 1974.

13.    Because he had always paid his bills on time and had excellent credit, Plaintiff did not understand why these companies said he had a poor credit history.  In an attempt to understand what was being reported on his credit reports, on or about May 17, 2012, Plaintiff requested a copy of his credit report from Experian Information Solutions, Inc. This was the first time he learned that his credit report contained credit accounts that did not belong to him. These credit accounts reported several late payments, charge offs and accounts sent to collections.  He later learned that they were his son's accounts.

14.    Experian's May 17, 2012 Credit Report included his son's prior addresses, his son's current address, telephone numbers, and the following accounts which are not Plaintiff's: Advanta #5477; American Express #3499; Bank of America #4888; Bank of America #5490; Bank of America #4170; Bank of America #5474; Cach LLC/Collect America #1200; Chase Bank USA, NA #4357; Chase Bank USA, NA #4185; Chase Bank USA, NA # 5401; and Discover Financial Services, LLC #6011.

15.    After receiving his May 2012 Experian Credit Report, Plaintiff started writing to the credit card companies to tell them that those accounts were not his. While some accounts eventually were deleted from his credit reports as a result of his letters to the credit card companies, other credit card companies failed to remove accounts that belong to his son.

16.    In August 2012 he was denied credit by Citibank and USAA. Both companies told him he was denied credit because of information received from Experian.  On or about September 10, 2012, Plaintiff wrote to Annual Credit Report and requested his free annual credit report. He enclosed a copy of his CA driver's license and a copy of his social security card.

17.    On or about October 15, 2012, Plaintiff wrote to Experian to dispute the information on his May 2012 Credit Report. He informed Experian that he disputed eleven (11)

4

separate accounts that did not belong to him. He also informed Experian that they had incorrect addresses for him.

18.     In early November 2012, Plaintiff received Experian's October 24, 2012 Investigative Report. Experian verified the following seven accounts: Advanta, #5477; American Express, #3499, Bank of America, #4170, Bank of America, #5474, Bank of America, #4888-9792, Bank of America, #5490, and Discover, #6011. Experian stated that it would not investigate his disputes again unless Plaintiff sent it "relevant information to support [his] claim."

19.     Experian's Credit Report dated November 14, 2012, again included his son's prior addresses, his son's current address, telephone numbers, and although deleting two of the disputed false accounts, continued to report the following accounts which are not Plaintiff's: Advanta #5477,American Express #3499; Bank of America #4888; Bank of America #5490; Bank of America #4170; Bank of America #5474; Bank of America #6824-1058; Bank of America #6824-4233; Capital One # 4802-1322; and Discover Financial Services, LLC #6011.

20.     On or about December 15, 2012, Plaintiff again wrote to Experian to dispute the inaccurate information in his credit reports.  This time he specifically told Experian that he thought it was mixing up his credit history with that of his son's. He asked Experian to exactly match his name, address, social security number and date of birth.

21.     In December 2012, Plaintiff also wrote to Advanta, American Express, Bank of America, and Discover, to inform them that they were reporting accounts that were not his. In late December 2012 Discover responded and wrote that it would delete the account information and inform Defendants that the Discover account was not his. American Express also responded in late December 2012 and stated that it too would delete the account information and would inform Defendants to remove any derogatory information regarding the American Express account.

22.     Plaintiff used the address for Advanta which he found in Experian's May 2012 Credit Report.  Advanta never responded to his December 2012 letter.

5

23.     In January 2013, Experian responded to Plaintiff's dispute letters.  In the January 31, 2013 Investigative Report, Experian again verified the following accounts as belonging to him: Bank of America #4170; Bank of America #4888; Bank of America #5474; Bank of America #5490; Chase Bank USA, NA #4357; and Chase Bank USA, NA #4185. The January 31, 2013 Investigative Report did not indicate that Plaintiff disputed any of these accounts. Experian also re-inserted the Advanta #5477 account into the January 31, 2013 Report.

24.     The January 31, 2013 Investigative Report continued to include incorrect addresses and telephone numbers for Plaintiff.

25.     In February 2013, Plaintiff was denied credit from US Bank due to "excessive or derogatory trades". The information was obtained from CSC Credit Services and Experian. Plaintiff's request to have his Capital One GM Mastercard, #5466, credit limit increased from $305.00 was also denied during this same time period.

26.     On or about April 22, 2013, Plaintiff again wrote to Experian disputing the information in his credit reports. He disputed the Advanta #5477 account, four (4) separate Bank of America accounts, #4170, #4888, #5474, and #5490; and two separate Chase accounts, #3457 and #4185.  He also informed Experian that his credit report contained incorrect addresses and employer. Experian did not respond to Plaintiff's April 22, 2013 letter.

27.     On or about November 6, 2013, Plaintiff received a Credit Report from Experian, dated November 6, 2013. Experian again included his son's prior addresses, his son's current address, telephone numbers, and the following accounts which are not Plaintiff's: Advanta, #5477, six (6) separate Bank of America accounts, #4170, #4888, #5474, #5490, #6824-1058, and #6824-4233, and Capital One #4802.

28.     On or about December 4, 2013, Plaintiff wrote Experian and disputed the following accounts: Advanta #5477; Bank of America #4170, #4888, #5474, #5490,  #6824-1058 and

#6824-4233; and Capital One # 4802. He also informed Experian that it had incorrect addresses and telephone numbers for him.

29.     On or about March 26, 2014, Plaintiff wrote Experian, informing Experian that he was a victim of identity theft related to the disputed credit account information on his report, provided a police report and a copy of his driver's license and demanded that Experian permanently delete and block the disputed accounts and false personal information entries within four business days as is required pursuant to 15 U.S.C. § 1681c-2(a) and California Civil Code  § 1785.16(k).  Plaintiff identified the following accounts: Advanta #5477 and Bank of America accounts #4170, #4888, #5474, and #5490.

30.     Experian did not respond as required within four business days.  Experian did not block and permanently delete the disputed false information.  Experian did not give the notice required by §1681c-2(c)(2) advising the consumer that Experian declined to block the false accounts pursuant to the demand and providing the information required to be provided by §1681c-2(c)(2).   Experian did not give Plaintiff any account specific information of reasons why Experian was not complying with the mandatory requirement to delete the false information.

31.     Experian did not process Plaintiff's demand for deletion pursuant to the statutorily required response to a §1681c-2(a) four day mandatory deletion demand, but instead processed the demand communication under a §1681i  30 day dispute investigation process based on a discretionary decision by Experian rather than mandatory deletion absent contrary evidence of consumer mistake or misrepresentation.

32.     Rather than promptly deleting the challenged false information within four days pursuant to §1681c-2(a), Experian subsequently forwarded several pieces of correspondence indicating that Experian did not take any specific action but was inviting Plaintiff to request other identity theft avoidance actions and requiring that Plaintiff submit an additional police report to receive processing of the problem by Experian.

33.     On April 21, 2014 Experian issued a report of its "investigation" and issued a new credit report disclosure.  The April 21, 2014 credit report disclosure added a 90 day fraud alert dated April 5, 2014.  Experian deleted the Advanta account but continued to report the Golden 1 account unchanged.  Experian updated its report of each of the four challenged Bank of America accounts to remove the reporting of the month payment and recent balance entries and indicate that it was updated based on processing of an April 2014 dispute rather than the prior comment that the reporting was based on processing of the January 2013 dispute, but the credit report disclosure as to each Bank of America accounts did not reflect any input of updated reporting by the bank since 2010 and continued to report the derogatory information that the accounts were written off and seriously past due in 2009.  The credit report disclosure did not report addition of the required entry that the accounts were disputed by the consumer.

34.     The investigation results section in a separate part of the April 21, 2014 credit report disclosure included a statement as to each of the challenged Bank of America accounts concluding that "If account was opened as a result of identity theft, the credit grantor may not know how to contact you to discuss this matter.  The credit grantor requests that you contact them directly."   Consequently, at the time of is April 21, 2014 investigation results and credit report disclosure, Experian was on notice that Bank of America was unable to fully verify the accuracy and completeness of the challenged account reporting.

35.     Nevertheless, despite the information it had indicating that Bank of America was unable to conclusively verify the accounts, Experian continued to include the false reporting in Experian's credit report, violating the requirement that Experian delete the identity theft related information within four business days of Plaintiff's demand pursuant to §1681c-2(a) and California Civil Code  § 1785.16(k).

36.     Despite the information Experian had indicating that Bank of America was unable to conclusively verify the accounts, Experian continued to include the false reporting in Experian's

credit report, violating the requirement of §1681i(a)(5)(A) and California Civil Code §1785.16(b) that Experian delete disputed information that the furnishing bank can no longer verify.

37.  Experian's unreasonable failure to reinvestigate and correct the disputed information resulted in considerable stress, anxiety and extreme frustration for Plaintiff. Plaintiff was confused and aggravated by Defendant's refusal to remove his son's credit information from his own credit files especially after he specifically told them that they were mixing his son's information with his own information.

38.  The FCRA and CCRAA require that Experian, in preparing credit reports, "follow reasonable procedures to assure maximum possible accuracy of the information" in the report.  15 U.S.C. § 1681e(b) and California Civil Code section 1785.14(b).

39.  The FCRA and CCRAA require that Experian conduct a reasonable reinvestigation of any information that is disputed by a consumer to determine if the information is accurate. Experian must notify the source of the information of the dispute within five days.  Experian must provide the source with all relevant information received from the consumer.  Experian must complete the reinvestigation within 30 days. Experian must review and consider all relevant information provided by the consumer in conducting the reinvestigation. Experian must delete or modify information that is found to be inaccurate or incomplete, or that cannot be verified. Experian must notify consumers of the results of its reinvestigation.

40.  The FCRA provides that Experian may only furnish a consumer report to a person "which it has reason to believe … intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished."  15 U.S.C. § 1681b(a).

41.  The FCRA requires Experian to send the consumer a report with the information in the consumer's file upon request by the consumer.  15 U.S.C. § 1681g.

42.     Experian's policies and procedures do not insure compliance with the FCRA and CCRAA.

43.     A major problem in the credit reporting industry is the mixed file. A mixed file occurs when one consumer's information is placed on the consumer report of another consumer. Experian's procedures when matching consumer information to that specific consumer cause the mixing of one consumer with another.

44.     Mixed files create a false description of a consumer's credit history. Further, mixed files result in the disclosure of a consumer's personal information when the consumer did not apply for credit, insurance or employment.

45.     Experian knows its matching procedures are causing inaccurate credit reports and mixed files.

46.     Mixed files are not a new phenomenon. Experian has known about the mixed file problem for at least twenty (20) years. *See Federal Trade Commission v. TRW, Inc.*, 784 F.Supp 381 (N.D. Tex. 1991)*; Bentley v. Providian Fin. Corp.*, 2003 WL 22234700 at *5 (S.D. N.Y. April 21, 2003). The Consent Order provides that TRW, now Experian, shall maintain reasonable procedures to "prevent the occurrence and or recurrence of Mixed Files." *Id.*

47.     Mixed files occur despite consumers' unique personal identifying information, such as Social Security numbers. Experian's matching logic allows information to be included in a consumer's file even when the Social Security numbers do not match nine out of nine digits.

48.     Experian continues to fail to perform adequate investigations and deliberately ignores its knowledge that in circumstances of consumer dispute over mistaken identity such as in mixed file disputes and identity theft disputes the FCRA and CCRAA require that a credit agency perform an actual independent investigation of a dispute rather than deferring to the reporting bank and "parroting" the ACDV response of the bank.

49.     Despite the judicial decisions providing specific notice to Experian that its ongoing investigation procedure is in willful violation of the FCRA, Experian continues to employ procedures resulting in routine failure to conduct the reasonable investigation of consumer disputes related to reporting of mixed files and identity theft and delete false account reporting.

50.     The continuing misconduct of Experian in deliberately sidestepping the FCRA and CCRAA duty to perform a reasonable investigation of consumer disputes over mistaken identity in their credit files in mixed file disputes and identity theft disputes, has not been corrected by past punitive damages awards and is unlikely to be corrected absent the injunctive relief requested below.

51.     Despite federal law, Congressional mandates, federal and state government enforcement actions, and hundreds of consumer lawsuits, mixed files remain a significant problem for consumers, including Plaintiff.

52.     The sale of consumers' most private and sensitive personal and financial information is a multi-billion dollar industry for Experian.

53.     Plaintiff's credit reports and file have been obtained from Experian and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from obtaining credit.

54.     Advanta was closed by the Utah Department of Financial Institutions on March 19, 2010.

55.     Experian referred to Advanta as the responsible furnisher and directed Plaintiff to contact Advanta to dispute further.

56.     On multiple occasions after Advanta ceased to exist, Experian furnished Plaintiff's consumer reports and inaccurately represented that Plaintiff remained obligated to "Advanta Bank" which entity was reporting an ongoing default.

57.     Experian had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the inaccurate and fraudulent account and to identify Advanta Bank as the furnisher.

58.     Upon information and belief, CardWorks was the actual furnisher of the credit information regarding the Advanta Bank trade line.

59.     Upon information and belief, Plaintiff alleges that on one or more occasions the national consumer reporting agencies forwarded Plaintiff's disputes to CardWorks. Upon information and belief, CardWorks was provided lawful notice of Plaintiff's disputes and despite this notice, failed and refused to investigate and correct its inaccurate reporting.

**FEDERAL LAW CLAIMS**

**FIRST CLAIM FOR RELIEF**
**(Violation of the FCRA (15 U.S.C. §1681 et seq) Against Experian)**

60.     Plaintiff re-alleges and incorporates herein by reference the allegations of the preceding paragraphs as though set forth fully in this claim for relief.

61.     Plaintiff forwarded notices of dispute pursuant to **15** U.S.C. §1681i to Experian notifying Experian at least three times that he disputed the inaccurate information contained in his credit report.  Plaintiff specifically told Experian that his credit report contained his son's credit information, including his son's current and prior addresses. Experian failed to comply with the requirements of the FCRA including but not limited to the provisions of 15 USC §1681c-2; 15 USC §1681e(b), 15 USC §1681i, 15 USC §1681n and 15 USC §1681o.

**15 USC §1681c-2(a):**

62.     Experian failed to block the reporting of the information in its file that Plaintiff had identified as information that resulted from an alleged identity theft within four (4) business days after receipt of a copy of Plaintiff's social security card, a copy of Plaintiff's California driver's license, a copy of the police report file with South Lake Tahoe, a copy of  the CA Police

Department, and a statement from Plaintiff informing Experian that the information is not

information relating to any transaction by him.

**15 USC §1681c-2(b):**

63.     Experian failed to promptly and adequately notify the furnishers of information

identified by Plaintiff as information not relating to any transaction by him that the information

reported by Experian may be a result of identity theft, that an identity theft report was filed, that a

block has been requested under 15 U.S.C. § 1581c-2 and the effective dates of the block.

**15 USC §1681c-2(b):**

64.     Experian did not give the notice required by §1681c-2(c)(2) advising the consumer

that Experian declined to block the false accounts pursuant to the demand and providing the

information required to be provided by §1681c-2(c)(2).   Experian did not give Plaintiff any

account specific information of reasons why Experian was not complying with the mandatory

requirement to delete the false information.

**15 U.S.C. § 1681e(b):**

65.     Experian prepared, compiled, issued, assembled, transferred, published and

otherwise reproduced consumer reports regarding Plaintiff which contained information that was

false, misleading and inaccurate as of May 17, 2012, and continuing through November 6, 2013,

including but not limited to reporting: nine (9) separate derogatory accounts that did not belong to

Plaintiff, incorrect addresses for Plaintiff and an incorrect job history. Experian failed to maintain

and/or follow reasonable procedures to assure maximum possible accuracy of the information it

reported to one or more third parties pertaining to plaintiff in violation of 15 U.S.C. § 1681e(b),

such failure resulting in erroneously mixing his son's credit history with his own credit history.

66.     Experian further failed to maintain and/or follow reasonable procedures to assure

maximum possible accuracy of the information it reported by failing to apply procedures to take

action to correct or delete the false reporting despite circumstances that it knew or reasonably

should have known that it had mixed Plaintiff's son's credit history with that of Plaintiff's own credit history.

67.      As a result of Experian's failure to comply with the requirements of 15 U.S.C. §1681e(b), Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

68.      Experian's failure to comply with the requirements of 15 U.S.C. §1681e(b) is negligent within the meaning 15 U.S.C. § 1681o.

69.      As a direct and proximate result of Experian's negligent violation of 15 U.S.C. §1681e(b) in failing to maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reported on Plaintiff's credit report, Plaintiff suffered actual damage as set forth herein.

70.      Experian is liable to the plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, which he may recover therefore pursuant to 15 U.S.C. §1681o.

71.      Experian's failure to comply with the requirements of 15 U.S.C. §1681e(b) is willful within the meaning 15 U.S.C. §1681n(a).

72.      Experian, pursuant to its corporate policy, did not maintain procedures for maximum possible accuracy in reporting by proper response to dispute notification by Plaintiff, rather according to its corporate policy, Experian failed to investigate the Plaintiff's claim Experian had mixed his credit information with that of his son's credit history or to verify Plaintiff's claim.  Experian instead did not take any steps to check if Plaintiff's son's credit history had been mixed with Plaintiff's credit history or to otherwise investigate Plaintiff's claim.

73.     Experian knew or should have known and operated with reckless disregard of the risk that its corporate policy created an unreasonable risk of violation of the statutory consumer protections of the FCRA that Plaintiff would be harmed by its policy leading to likely violation of the FCRA resulting in adverse and derogatory information reported regarding Plaintiffs credit worthiness.

74.     As a direct and proximate result of Experian's willful violation of 15 U.S.C. §1681e(b) by failure to maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reported regarding Plaintiff's credit history, Plaintiff was damaged and Experian is liable to Plaintiff for the actual damages Plaintiff sustained by reason of such conduct together with statutory and punitive damages as well as his reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681n.

**15 U.S.C. §1681i(a)(1)(A):**

75.     At one or more times after notice of dispute Experian breached its 15 USC §1681i(a)(1)(A) duty to conduct a reasonable dispute reinvestigation, including:

(a)  By accepting the ACDV responses from Advanta, Bank of America, Chase, Capital One, and Discover merely with automatic electronic computer verification without any actual investigation activity by a human being;

(b)  By otherwise failing to conduct actual dispute investigations;

(c)  By conducting only a superficial investigation;

(d)  By conducting an investigation that merely looked to see whether the disputed information was reported as it was received from Advanta, Bank of America, Chase, Capital One, and Discover rather than considering whether the substance of the information was accurate;

(e)  By failing to consider or evaluate a number of internal inconsistencies in the reporting in response to Advanta's ACDVs;

(f)  By failing to contact any person at Advanta, Bank of America, Chase, Capital One, or Discover to confirm or deny Plaintiff's claim that those accounts did not belong to him;

(g)  By failing to contact the Plaintiff directly to learn of the reason for the dispute and/or his explanation of the facts or any missing information;

(h)  By failing to consider the information contained in the prior disputes of the trade line information or the other prior complaints and other communications made by Plaintiff directly to Advanta, Bank of America, Chase, Capital One, Discover, and Golden 1 Credit Union regarding these accounts;

(i)  By failing to consider information and conclusions arising from prior investigations concerning the information that was the subject of the disputed trade lines; and

(j)  By failing to make a determination of whether Plaintiff was correct that the accounts listed were not his and that Experian was mixing his son's credit information with his own credit information.

76.     Experian failed to conduct meaningful investigation as to the quality of response of the credit information received from the furnishers to the dispute notices by the credit reporting agency regarding the false information and disputes identified by Plaintiff and instead deferred to the inadequate investigation and responses by the credit information furnishers despite knowledge of the probability of lack of thorough investigation upon initial dispute notice.

77.     In such manner and otherwise the credit agency Experian failed to properly reinvestigate Plaintiff's disputes, performed perfunctory and essentially useless investigations and/or reinvestigation resulting in incorrect verification of the false reports and continued to prepare and issue false consumer reports including the false, derogatory credit report entries and Plaintiff continued to suffer injury.

**15 U.SC. §1681i(a)(2)(A):**

78.     At one or more times after notice of dispute Experian breached its 15 USC §1681i(a)(2)(A) duty when providing notice of dispute to the furnisher of the information by failing to include all relevant information regarding the dispute that the agency received from the consumer.

79.     Experian did not forward actual copies of the dispute correspondence and information, instead only forwarding an abbreviated electronic summary.

**15 U.S.C §1681i(a)(4):**

80.     At one or more times after notice of dispute Experian breached its 15 USC §1681i(a)(4) duty to consider all information submitted by the consumer, including but not limited to:

> (a)  By failing to consider the clear and unequivocal information that Plaintiff's son's credit history was mixed with Plaintiff's credit history;
>
> (b)  By failing to consider Experian's own credit data that up to January 2012 Plaintiff has excellent credit with no derogatory trade lines ever being reported; and
>
> (c)  By failing to itself actually evaluate the information provided to Experian by Plaintiff rather than simply forwarding the information to the banks for consideration.

**15 U.S.C §1681i(a)(5)(A):**

81.     At one or more times after notice of dispute Experian breached its 15 USC §1681i(a)(5) duty to promptly modify or delete the disputed information from the consumer's file if the disputed information cannot  be verified.  The disputed information was not verified.  The disputed information could not be verified because it was incorrect and could not be correct.  The disputed information was a type of information that could not be completely verified by the

procedures employed by Experian of simply relying on the electronic response of the furnisher of the information.

**15 U.S.C § 1681i(a)(6):**

82.     Experian breached its duty to report the results of its investigation to Plaintiff when it did not respond to Plaintiff's December 4, 2013 letter disputing the following accounts: Advanta #5477: Bank of America accounts #4170, #4888, #5474, #5490,  #6824-1058, and #6824-4233; and Capital One # 4802.

83.     In these ways and others Experian negligently failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of disputed inaccurate information appearing in the Plaintiff's consumer reports in violation of 15 U.S.C. §1681i, including failure to conduct a reasonable investigation of the dispute, failure to "include all relevant information regarding the dispute that the agency has received from the consumer" when providing notice of dispute to the furnisher of the information , failure to consider all information submitted by the consumer, failure to modify or delete information which could not be verified and failure to report the results of its investigation to Plaintiff.

84.     Experian is liable to Plaintiff for the actual damages he has sustained by reason of such negligent conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. §1681o.

85.     At one or more times after notice of dispute Experian willfully breached its 15 USC §1681i(a)(1)(A) duty to conduct a reasonable dispute reinvestigation.

86.     At one or more times after notice of dispute Experian willfully breached its 15 USC §1681i(a)(2)(A) duty when providing notice of dispute to the furnisher of the information by failing to include all relevant information regarding the dispute that the agency received from the consumer.

87.     At one or more times after notice of dispute Experian willfully breached its 15 USC §1681i(a)(4) duty to consider all information submitted by the consumer.

88.     At one or more times after notice of dispute Experian willfully breached its 15 USC §1681i(a)(5)(A) duty to promptly modify or delete the disputed information from the consumer's file if it cannot be verified.

89.     At one or more times after notice of dispute Experian willfully breached its 15 USC §1681i(a)(6) duty to report the results of its investigation to Plaintiff.

90.     Experian, pursuant to its corporate policy, did not maintain procedures for maximum possible accuracy in reporting by proper response to dispute notification by Plaintiff, rather according to its corporate policy, Experian failed to investigate Plaintiff's claim that Experian had mixed his credit information with that of his son's credit history or to verify Plaintiff's claim.  Experian instead did not take any steps to check if Plaintiff's son's credit history had been mixed with Plaintiff's credit history or to otherwise investigate Plaintiff's claim.

91.     The acts alleged herein of Experian were willful and malicious and were done with fraud or oppression, and in reckless disregard of Plaintiff's rights and the rights of consumers like Plaintiff and were intended to or were known likely to oppress and cause injury to Plaintiff and consumers like Plaintiff and were done within the course and scope of the Defendant's employees' employment and/or managerial authority or pursuant to company policy.  Plaintiff is therefore entitled to an award of punitive damages pursuant to 15 U.S.C. §1681n.  Experian knew or should have known and operated with reckless disregard of the risk that its corporate policy created an unreasonable risk of violation of the statutory consumer protections of the FCRA such that Plaintiff and consumers like Plaintiff would be harmed by its policy leading to likely violation of the FCRA resulting in adverse and derogatory information reported regarding Plaintiff's credit worthiness.

92.     As a direct and proximate result of Experian's willful violation of 15 U.S.C. §1681i Plaintiff was damaged and Experian is liable to Plaintiff for the actual damages Plaintiff sustained by reason of such willful conduct together with statutory and punitive damages as well as his reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681n.

WHEREFORE Plaintiff prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF
### (Violation of the FCRA (15 U.S.C. §1681 et seq) Against CardWorks)

93.     Plaintiff re-alleges and incorporates herein by reference the allegations of the preceding paragraphs as though set forth fully in this claim for relief.

**15 U.S.C. §1681s-2(b)(1)(A)**

94.     On one or more occasions within the two years prior to the filing of this lawsuit, CardWorks violated 15 U.S.C. § 1681a-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes of the Advanta reporting.

95.     As a direct and proximate result of such conduct, the Plaintiff suffered actual damages as set forth herein including credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

96.     CardWorks is liable to Plaintiff for the actual damages, statutory damages, costs and attorneys fees from CardWorks in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and § 1681o.

97.     The acts alleged herein of CardWorks were willful and malicious and were done with fraud or oppression, and in reckless disregard of Plaintiff's rights and were intended to or were known likely to oppress and cause injury to Plaintiff or consumers like Plaintiff and were done within the course and scope of the Defendant CardWorks' employees' employment and/or managerial authority or pursuant to company policy. Plaintiff is therefore entitled to an award of punitive damages pursuant to 15 U.S.C. §1681n.  In the alternative, CardWorks was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**15 U.S.C. §1681s-2(b)(1)(B)**

98.     On one or more occasions within the two years prior to the filing of this lawsuit, CardWorks violated 15 U.S.C. § 1681a-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

99.     As a direct and proximate result of such conduct, the Plaintiff suffered actual damages as set forth herein credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

100.     CardWorks is liable to Plaintiff for the actual damages, statutory damages, costs and attorneys fees from CardWorks in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and § 1681o.

101.     The acts alleged herein of CardWorks were willful and malicious and were done with fraud or oppression, and in reckless disregard of Plaintiff's rights and were intended to or were known likely to oppress and cause injury to Plaintiff and were done within the course and scope of the Defendant CardWorks' employees' employment and/or managerial authority or pursuant to company policy.  Plaintiff is therefore entitled to an award of punitive damages pursuant to 15 U.S.C. §1681n.  In the alternative, CardWorks was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**15 U.S.C. §1681s-2(b)(1)(C)**

102.     On one or more occasions within the two years prior to the filing of this lawsuit, CardWorks violated 15 U.S.C. § 1681a-2(b)(1)(C) by publishing the CardWorks account within Plaintiff's credit file with Experian, Equifax Information Services, LLC and Trans Union, LLC without also including a notation that this debt was disputed.

103.     As a direct and proximate result of such conduct, the Plaintiff suffered actual damages as set forth herein credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

104.    CardWorks is liable to Plaintiff for the actual damages, statutory damages, costs and attorneys fees from CardWorks in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and § 1681o.

105.    The acts alleged herein of CardWorks were willful and malicious and were done with fraud or oppression, and in reckless disregard of Plaintiff's rights and were intended to or were known likely to oppress and cause injury to Plaintiff and were done within the course and scope of the Defendant CardWorks' employees' employment and/or managerial authority or pursuant to company policy.  Plaintiff is therefore entitled to an award of punitive damages pursuant to 15 U.S.C. §1681n.  In the alternative, CardWorks was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**15 U.S.C. §1681s-2(b)(1)(D)**

106.    On one or more occasions within the two years prior to the filing of this lawsuit, CardWorks violated 15 U.S.C. § 1681a-2(b)(1)(C) by failing to correctly report results of an accurate investigation to each other credit reporting agency.

107.    As a direct and proximate result of such conduct, the Plaintiff suffered actual damages as set forth herein credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

108.    CardWorks is liable to Plaintiff for the actual damages, statutory damages, costs and attorneys fees from CardWorks in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and § 1681o.

109.    The acts alleged herein of CardWorks were willful and malicious and were done with fraud or oppression, and in reckless disregard of Plaintiff's rights and were intended to or were known likely to oppress and cause injury to Plaintiff and were done within the course and scope of the Defendant CardWorks' employees' employment and/or managerial authority or pursuant to company policy.  Plaintiff is therefore entitled to an award of punitive damages

pursuant to 15 U.S.C. §1681n.  In the alternative, CardWorks was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

WHEREFORE Plaintiff prays for relief as set forth below.

## STATE LAW CLAIMS

### THIRD CLAIM FOR RELIEF
### (Violation of California Consumer Credit Reporting Agencies Act (California Civil Code §1785 et seq) Against Experian)

110.    Plaintiff re-alleges and incorporates herein by reference the allegations of the preceding paragraphs as though set forth fully in this claim for relief.

111.    In doing the acts alleged herein, Experian failed to comply with the requirements of CCRAA including provisions in effect on September 30, 1996, including but not limited to California Civil Code § 1785.14(b), §1785.16 and §1785.31.

**CALIFORNIA *CIVIL CODE* §1785.14(b)**

112.    Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the plaintiff which contained information that was false, misleading and inaccurate as of May 17, 2012, and continuing through November 6, 2013, including but not limited to reporting: nine (9) separate derogatory accounts that did not belong to Plaintiff, incorrect addresses and employment for Plaintiff. Experian failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to plaintiff in violation of Civil Code § 1785.14(b), such failure resulting in erroneously mixing his son's credit history with his own credit history.

113.    In the manner set forth above and otherwise Experian failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to plaintiff, in violation of California Civil Code §1785.14(b) including by erroneously reporting Plaintiff's son's credit history instead of Plaintiff's own credit history.

114.    Experian further failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported by failing to apply procedures to take action to correct or delete the false reporting despite circumstances that it knew or reasonably should have known that it had mixed Plaintiff's son's credit history with that of Plaintiff's own credit history.

115.    Plaintiff's credit reports and file have been obtained from defendants and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from obtaining credit.

116.    Experian's failure to comply with the requirements of California Civil Code §1785.14(b) is negligent within the meaning of California Civil Code §1785.31(a)(1).

117.    As a direct and proximate result of Experian's negligent violation of California Civil Code §1785.14(b) in failing to maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reported, Plaintiff suffered actual damage as set forth herein.

118.    Experian is liable to Plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, which he may recover therefore pursuant to California Civil Code §1785.31(a)(1).

119.    Experian's failure to comply with the requirements of California Civil Code §1785.14(b) is willful within the meaning of California Civil Code §1785.31(a)(2).

120.    As a direct and proximate result of Experian's willful violation of California Civil Code §1785.14(b) by failure to maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reported, Plaintiff has sustained damages and Experian is liable to the Plaintiff for the actual damage he suffered along with punitive damages as well as Plaintiff's reasonable attorney's fees and costs pursuant to California Civil Code §1785.31(a)(2).

//

**CALIFORNIA *CIVIL* CODE §1785.16(a):**

121.    At one or more times after notice of dispute Experian breached its duty to conduct a reasonable dispute reinvestigation pursuant to California Civil Code §1785.16(a), including in the manner set forth above and otherwise and:

(a)  By accepting the ACDV responses from Advanta, Bank of America, Chase, Capital One, and Discover merely with an automatic electronic computer verification without any actual investigation activity by a human being,

(b)  By otherwise failing to conduct actual dispute investigations,

(c)  By conducting only a superficial investigation,

(d)  By conducting an investigation that merely looked to see whether the disputed information was reported as it was received from Advanta, Bank of America, Chase. Capital One, and Discover rather than considering whether the substance of the information was accurate,

(e)  By failing to consider or evaluate a number of internal inconsistencies in the reporting in response to Advanta ACDVs.

(f)  By failing to contact any person at Advanta, Bank of America, Chase, Capital One, or Discover to confirm or deny Plaintiff's claim that those accounts did not belong to him.

(g)  By failing to contact the Plaintiff directly to learn of the reason for the dispute and/or his explanation of the facts or any missing information,

(h)  By failing to consider the information contained in the prior disputes of the trade line information or the other prior complaints and other communications made by Plaintiff directly to Advanta, Bank of America, Chase Capital One, and Discover regarding these accounts,

(i)  By failing to consider information and conclusions arising from prior investigations concerning the information that was the subject of the disputed trade lines,

(j)  By failing to make a determination of whether Plaintiff was correct that the accounts listed were not his and that Experian was mixing his son's credit information with his own credit information.

122.    Experian negligently failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of disputed inaccurate information appearing in Plaintiff's consumer reports as contained in its files pertaining to Plaintiff or in credit reports supplied to third parties in violation of California Civil Code §1785.16(a)

123.    Experian failed to conduct meaningful investigation as to the quality of response of the credit information furnisher defendants to the inquiries of the credit reporting agencies regarding the false information and disputes identified by Plaintiff and instead deferred to the inadequate investigation and responses by the credit information furnishers despite knowledge of the probability of lack of thorough investigation upon initial dispute notice.

124.    In such manner and otherwise the credit agency Experian failed to properly reinvestigate Plaintiff's disputes, performed perfunctory and essentially useless investigations and/or reinvestigation resulting in their incorrect verification of the false reports and continued to prepare and issue false consumer reports including the false, derogatory credit report entries and Plaintiff continued to suffer injury.

125.    Experian, pursuant to its corporate policy, did not maintain procedures for maximum possible accuracy in reporting by proper response to dispute notification by Plaintiff, rather according to its corporate policy, Experian failed to investigate Plaintiff's claim that Experian had mixed his credit information with that of his son's credit history or to verify Plaintiff's claim.  Experian instead did not take any steps to check if Plaintiff's son's credit history

had been mixed with Plaintiff's credit history or to otherwise investigate Plaintiff's claim.

Experian knew or should have known that its corporate policy created an unreasonable risk that the

California consumer protection laws would be violated causing Plaintiff or others like him to be

harmed by the policy and adverse and derogatory information would be reported regarding

Plaintiff's credit worthiness.

**CALIFORNIA *CIVIL* CODE §1785.16(b):**

126.    At one or more times after notice of dispute Experian breached its California Civil

Code §1785.16(b) duty to consider all information submitted by the consumer, including but not

limited to:

      (a)   By failing to consider the clear and unequivocal information that Plaintiff's son's

          credit history was mixed with Plaintiff's credit history;

      (b)  By failing to consider Experian's own credit data that up to January 2012 Plaintiff

          has excellent credit with no derogatory trade lines ever being reported; and

      (c) By failing to itself actually evaluate the information provided to Experian by

          Plaintiff rather than simply forwarding the information to the banks for

          consideration.

127.    At one or more times after notice of dispute Experian breached its California Civil

Code §1785.16(b) duty to promptly add, correct or delete the disputed information from the

consumer's file if it can no longer be verified by the  evidence submitted.

**CALIFORNIA *CIVIL CODE* §1785.16(d):**

128.    Experian breached its duty to report the results of its investigation to Plaintiff when

it did not respond to Plaintiff's December 4, 2013 letter disputing the following accounts: Advanta

#5477: Bank of America accounts  #4170, #4888, #5474, #5490,  #6824-1058 and #6824-4233;

and, Capital One # 4802.

//

**CALIFORNIA *CIVIL CODE* §1785.16(k):**

129.    Experian breached its California Civil Code §1785.16(k) duty to promptly and permanently block reporting of information that Plaintiff alleged appeared on his credit report as a result of violation of California Penal Code § 530.5 and to promptly inform the furnishers of the information that the information has been so blocked.

130.    On or about March 26, 2014, Plaintiff wrote Experian, informing Experian that he was a victim of identity theft related to the disputed credit account information on his report, provided a police report and a copy of his driver's license and demanded that Experian permanently delete and block the disputed accounts and false personal information entries as is required by California Civil Code  §  1785.16(k).

131.    Experian did not promptly block and permanently delete the disputed false information.

132.    Experian did not process Plaintiff's demand for deletion pursuant to the statutorily required mandatory deletion in response to the California Civil Code § 1785.16(k) demand. Instead, Experian processed the demand communication as if it were a request for the 30 day dispute investigation process based on California Civil Code  §  1785.16(k) calling for a discretionary decision by Experian rather than mandatory blocking and deletion.

133.    On April 21, 2014 Experian issued a report of its "investigation" and issued a new credit report disclosure.  The investigation results included a statement as to each of the challenged Bank of America accounts concluding that "If account was opened as a result of identity theft, the credit grantor may not know how to contact you to discuss this matter.  The credit grantor requests that you contact them directly."   Consequently, at the time of is April 21, 2014 investigation results and credit report disclosure, Experian was on notice that Bank of America was unable to fully verify the accuracy and completeness of the challenged account reporting.

134.     Despite having information that Bank of America was unable to conclusively verify the accounts, Experian continued to include the false reporting in Experian's credit report, violating the requirement that Experian delete and block the identity theft related information pursuant to California Civil Code  § 1785.16(k) and not unblock the information absent a preponderance of evidence establishing that (1) the information was blocked due to a material misrepresentation of the consumer, (2) the consumer agrees that the information was blocked in error, or (3) the consumer knowingly received goods, services or money as a result of the transaction.   Experian did not provide the required notice prior to unblocking the information.

135.     Experian is liable to Plaintiff for the actual damages he has sustained by reason of such negligent conduct in violation of California Civil Code §1785.16 in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to California *Civil Code* §1785.31(a)(1).

136.     Experian willfully failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in the plaintiff's consumer reports as contained in its files pertaining to Plaintiff's credit reports supplied to third parties.

137.     At one or more times after notice of dispute Experian willfully breached its California Civil Code §1785.16(a) duty to conduct a reasonable dispute reinvestigation.

138.     At one or more times after notice of dispute Experian willfully breached its California Civil Code §1785.16(b) duty to consider all information submitted by the consumer.

139.     At one or more times after notice of dispute Experian willfully breached its California Civil Code §1785.16(b) duty to delete information that could not be verified.

140.     At one or more times after notice of dispute Experian willfully breached its California Civil Code §1785.16(d) duty to report the results of its investigation to Plaintiff.

141.     At one or more times after notice of dispute Experian willfully breached its California Civil Code §1785.16(k) duty to promptly and permanently block reporting any information that Plaintiff alleged appeared on his credit report as a result of violation of California Penal Code § 530.5 and to promptly inform the furnishers of the information that the information has been so blocked.

142.     As a direct and proximate result of such conduct, Plaintiff suffered actual damages as set forth herein.

143.     Experian's acts alleged herein in violation of California Civil Code §1785.16 were willful and malicious and were done with fraud or oppression, and in reckless disregard of Plaintiff's rights and the rights of consumers like Plaintiff and were intended to or were known likely to oppress and cause injury to Plaintiff and consumers like Plaintiff and were done within the course and scope of the Experian's employees' employment and/or managerial authority or pursuant to company policy.  Plaintiff is therefore entitled to an award of punitive damages pursuant to California Civil Code §1785.31(a).

144.     Experian is liable to the Plaintiff for the actual damages he has sustained by reason of such willful conduct, in an amount to be determined by the trier of fact, together with punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees pursuant to California *Civil* Code §1785.31(a)(2).

145.     Pursuant to California Civil Code §1785.31(b) Plaintiff is entitled to injunctive relief against Experian.

146.     The unlawful acts of Experian described herein of mixing Plaintiff's credit file with those of his son and failing to investigate and remove the disputed accounts despite repeated efforts of Plaintiff to persuade Experian to act properly presents a continuing threat of danger to Plaintiff and cannot be remedied by damages alone in that Experian continues to maintain and

publish the incorrect information, and without issuance of an appropriate injunctive order Experian will continue to do so.

147. Plaintiff seeks an order enjoining Experian from engaging in the acts and practices as hereinabove alleged, and ordering that Experian permanently block, delete or suppress all of the account information for those accounts which do not belong to Plaintiff.

WHEREFORE Plaintiff prays for relief as set forth below.

### FOURTH CLAIM FOR RELIEF
### (Violation of California Consumer Credit Reporting Agencies Act (California Civil Code §1785 et seq) Against CardWorks)

148. Plaintiff re-alleges and incorporates herein by reference the allegations of the preceding paragraphs as though set forth fully in this claim for relief.

149. CardWorks violated Civil Code § 1785.25(a) by furnishing information about Plaintiff to a consumer credit reporting agency when it knew or should have known that such information was incomplete or inaccurate.

150. Plaintiff has suffered actual damages as a result of the foregoing conduct by CardWorks, including one or more of the following: court costs, attorney's fees, and pain and suffering. Plaintiff is entitled to recover his actual damages from CardWorks, in an amount to be determined according to proof.

151. CardWorks' violations of the CCRAA were willful, thereby entitling Plaintiff to punitive damages pursuant to Civil Code § 1785.31(a)(2), in addition to actual damages.

152. Plaintiff has been aggrieved and continues to be aggrieved by CardWorks' violations of the CCRAA, and is therefore entitled to injunctive relief and to any other relief that the court deems proper, pursuant to Civil Code §§ 1785.31(a)(2)(C) and 1785.31(b).

153. Plaintiff is entitled to recover his reasonable attorney's fees and costs pursuant to Civil Code §1785.31(d).

WHEREFORE Plaintiff prays for relief as set forth below.

## FIFTH CLAIM FOR RELIEF
### (Violations of California Business and Professions Code
### § 17200, et seq. Against Experian)

154.    Plaintiff re-alleges and incorporates herein by reference the allegations of the preceding paragraphs as though set forth fully in this claim for relief.

155.    Beginning on an exact date unknown to Plaintiff, but at all times relevant herein Experian has committed acts of unfair competition proscribed by Business and Professions Code §17200, et seq. (hereinafter "UCL"), including the practices alleged herein. Numerous California consumers are customers of Experian who have been subject to these unlawful, unfair, and fraudulent practices.  Experian committed each of the violations enumerated above against members of the general public, in addition to Plaintiff.

156.    Since the early 1990's and continuing thereafter Experian has been systematically violating the provisions of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq and the California Consumer Credit Agency Reporting Act, Civil Code § 1785 et seq. These violations are and were a matter of corporate policy, and constitute a consistent pattern and practice of unlawful corporate behavior.

157.    Plaintiff is informed and believes and on that basis alleges that, since four years prior to the filing of the complaint, Experian has been and is violating the Fair Credit Reporting Act and the California Consumer Credit Agency Reporting Act, and therefore the UCL, by failing and refusing to conduct an investigation of, or to re-investigate, Plaintiff's disputed information and, instead, continued to report false, inaccurate information and attributed same to Plaintiff.

158.    Defendant Experian has engaged in and continues to engage in procedures derived from a corporate policy that result in repeated known breaches  of  the 1991 Consent Order issued by the Federal Trade Commission to maintain reasonable procedures to prevent mixed files, to follow reasonable procedures to assure the maximum possible accuracy of the information on a

consumer's file, and procedures during reinvestigation specifically designed to resolve consumer disputes related to a mixed file.

159.     The business acts and practices of Experian, as hereinabove alleged, constitute "unfair" business practices under Business & Professions Code § 17200 in that said acts and practices offend public policy and are substantially injurious to California consumers. Said acts and practices have no utility that outweighs their substantial harm to California consumers.

160.     The business acts and practices of Experian, as hereinabove alleged, constitute "fraudulent" business practices under Business & Professions Code § 17200 in that said acts and practices are likely to deceive the public and affect consumers as to their legal rights and obligations, and by use of such deception, may preclude consumers from exercising legal rights to which they are entitled.

161.     The unlawful, unfair and fraudulent business acts and practices of Experian described herein present a continuing threat to members of the general public in that Experian is currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

162.     Pursuant to Business & Professions Code § 17203, Plaintiff seeks an order enjoining Experian from engaging in the acts and practices as hereinabove alleged, and ordering that Experian permanently delete, block or suppress all of the account information for those accounts which do not belong to Plaintiff and to provide appropriate restitution; e.g. costs to consumers of disputing their accounts and/or losses resulting from reports of bad credit, to all affected California consumers.

163.     Pursuant to Business & Professions Code § 17203, Plaintiff seeks Injunctive relief requiring Experian to comply with the FTC order to implement policies and procedures to minimize the risk of mixed files, including specifically that Experian implement procedures for

matching and identification purposes to ensure the proper investigation of consumer disputes concerning mixed identity arising from claimed mixed files or identity theft.

164.    Pursuant to Business & Professions Code § 17203, Plaintiff seeks Injunctive relief requiring Experian, when investigating a consumer dispute based on mixed identity arising from claimed mixed files or identity theft, to implement procedures of accepting the Consumer's version of the disputed information and correcting or deleting the disputed item when the Consumer submits to Experian documentation confirming that the disputed information on the Consumer Report was inaccurate or incomplete; provided, however that Experian may reinsert the information if it reinvestigates the dispute by contacting the source of the documentation or checking the public record and verifying that the documentation is not authentic or not dispositive of the dispute, and provides to the consumer notification of such verification and reinsertion of the information and of his or her right to file a dispute statement.

165.    Pursuant to Business & Professions Code § 17203, Plaintiff seeks Injunctive relief requiring Experian, when investigating a consumer dispute based on mixed identity arising from claimed mixed files or identity theft, if the response ACDV from the information furnisher does not completely agree with the corrections requested by the consumer to:

(a)  conduct an actual independent investigation of the discrepancy rather than relying exclusively on the electronic ACDV verification received from the information furnisher;

(b)  appoint a human being of senior investigator status to personally investigate and evaluate the dispute rather than processing the dispute through automated electronic response codes;

(c)  directly contact the furnisher of the information to (1) determine whether the furnisher had conducted an actual investigation of the dispute rather than merely producing an automatic verification of the disputed information, (2) determine whether the furnisher of the information

34

considered all of the information provided by the consumer, and (3) determine the specific reason why the furnisher of the information did not agree with the corrections requested by the consumer;

(d)  directly contact the consumer who presented the dispute to report the initial basis of the furnisher's position and gather any further information regarding the specific reason why the furnisher did not agree with the consumer's contentions,

(e)  contact the furnisher again to present any further information provided by the consumer;

(f)  conduct a further investigation of any additional information or contentions presented by the consumer or the information furnisher;  and

(g)  if the dispute is not resolved by agreement of the furnisher and consumer as to the propriety of correction of the information, provide a full report to the consumer of the basis for the furnisher's determination to not correct the information.

166.    Plaintiff seeks recovery of attorneys' fees, costs and expenses incurred in the filing and prosecution of this action pursuant to California Code of Civil Procedure § 1021.5 and any other applicable law.

WHEREFORE Plaintiff prays for relief as set forth below.

## SIXTH CLAIM FOR RELIEF
### (Violations of California Business and Professions Code § 17200, et seq. Against CardWorks)

167.    Plaintiff re-alleges and incorporates herein by reference the allegations of the preceding paragraphs as though set forth fully in this claim for relief.

168.    Beginning on an exact date unknown to Plaintiff, but at all times relevant herein CardWorks has committed acts of unfair competition proscribed by Business and Professions Code §17200, et seq., including the practices alleged herein. Numerous California consumers are customers of CardWorks who have been subject to these unlawful, unfair, and fraudulent practices.

CardWorks committed each of the violations enumerated above against members of the general public, in addition to Plaintiff.

169.    Since the date CardWorks acquired Advanta it has been systematically violating the provisions of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq and the California Consumer Credit Agency Reporting Act, Civil Code § 1785 et seq. These violations are and were a matter of corporate policy, and constitute a consistent pattern and practice of unlawful corporate behavior.

170.    Plaintiff is informed and believes and on that basis alleges that, since four years prior to the filing of the complaint, CardWorks has been and is violating the Fair Credit Reporting Act and the California Consumer Credit Agency Reporting Act, and therefore the UCL, by furnishing information about Plaintiff to a consumer credit reporting agency when it knew or should have known that such information was incomplete or inaccurate.

171.    The business acts and practices of CardWorks, as hereinabove alleged, constitute "unfair" business practices under Business & Professions Code § 17200 in that said acts and practices offend public policy and are substantially injurious to California consumers. Said acts and practices have no utility that outweighs their substantial harm to California consumers.

172.    The business acts and practices of CardWorks, as hereinabove alleged, constitute "fraudulent" business practices under Business & Professions Code § 17200 in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, may preclude consumers from exercising legal rights to which they are entitled.

173.    The unlawful, unfair and fraudulent business acts and practices of CardWorks described herein present a continuing threat to members of the general public in that CardWorks is currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

174.     Pursuant to Business & Professions Code § 17203, Plaintiff seeks an order enjoining CardWorks from engaging in the acts and practices as hereinabove alleged, and ordering that CardWorks stop furnishing information that Advanta is the creditor to a consumer credit reporting agency when it knew or should have known that such information was incomplete or inaccurate.

175.     Plaintiff seeks recovery of attorneys' fees, costs and expenses incurred in the filing and prosecution of this action pursuant to California Code of Civil Procedure § 1021.5 and any other applicable law.

WHEREFORE Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief against each Defendant:

1.     Actual damages or statutory nominal damages to be determined by the jury

2.     Punitive damages to be determined by the jury;

3.     Injunctive relief including as set forth above;

4.     Attorneys' fees;

5.     Costs and expenses incurred in the action; and

6.     Such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY IS DEMANDED.

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues so triable.


Dated: May 19, 2014                    DEOS LAW, PC

                                       s/Linda Deos
                                       LINDA DEOS
                                       Attorney for Plaintiff, Robert Anthony

1

2                                                LAW OFFICE OF JOHN B. KEATING

3                                                s/John B. Keating
                                                 JOHN B. KEATING
4                                                Attorney for Plaintiff, Robert Anthony

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28