Daniel J. McLoon (State Bar No. 109598)
Michael Morgan (State Bar No. 170611)
Andrew Domer (State Bar No. 281666)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071-2300
Telephone:  213-489-3939
Facsimile:   213-243-2539
djmcloon@jonesday.com
mgmorgan@jonesday.com
apdomer@jonesday.com

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JAMES ANTHONY, individually, and on behalf of the general public,<br><br>                    Plaintiff,<br><br>     v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; and CARDWORKS SERVICING, LLC,<br><br>                    Defendants. | Case No. 2:14-CV-01230-MCE-EFB<br><br>Assigned for all purposes to the Hon. Morrison C. England, Jr.<br><br>STIPULATED PROTECTIVE ORDER<br><br>Complaint Filed: May 19, 2014 |

IT IS HEREBY STIPULATED by and between Plaintiff Robert James Anthony and Defendants Experian Information Solutions, Inc. ("Experian") and Cardworks Servicing, LLC ("Cardworks"), through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants and/or personal income, credit and other confidential information of Plaintiff;

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1.  This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2.  Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."  Any party to this action who determines that a portion of a transcript of a deposition taken in this action discloses trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants and/or personal income, credit and other confidential information of Plaintiff, may within thirty (30) days of receipt of the transcript of the deposition designate that specific portion of the transcript to be "Confidential" and subject to treatment in the same manner as a produced or filed document designated "Confidential" pursuant to this Order.

3. If a Producing Party believes in good faith that, despite the provisions of this Order, there is a substantial risk of identifiable harm if particular documents it designates as "Confidential" are disclosed to all other Parties or non-parties to this action, the Producing Party may designate those Particular documents as "Confidential—Attorneys' Eyes Only."

4. To the extent any motions, briefs, pleadings, portions of deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential" or "Confidential—Attorneys' Eyes Only," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of Local Rule 141.

5. All documents, portions of transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all portions of testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any specific information designated "Confidential" hereunder if the portions of the testimony transcript have been designated as confidential within thirty (30) days of receipt of the transcript), shall not be used, directly or indirectly, by any person, including the other defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

6. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, portion of transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition

testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure save as to later generated documents referring to events or policies existing prior to the employee's departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys Eyes Only" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A; (b) Experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A); (c) the Court and its

personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A); and (e) the author of the document or the original source of the information.

8. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6(f) or 7(b) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

9. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

10. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only."

11. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential" or "Confidential—Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12. Within one hundred (100) days after the final termination of this litigation, all produced documents, transcripts and other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished same or shall be destroyed.

13. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Local Rule 251(b).  Initially, the party disputing the designation shall provide a detailed explanation of the basis for its contention that the document at issue does not require the confidentiality designation; this detailed explanation shall include, separately for each individual document at issue, a statement of all facts and legal authorities upon which the party challenging the designation is relying for its claim that the confidentiality designation is not required, and also shall disclose all evidence relied upon by the party challenging the designation.  If the dispute is not resolved, the party objecting to the designation may seek relief from this Court or may give notice to the designating party that the item will no longer be treated as confidential unless the designating party seeks appropriate relief from this Court within fourteen days.  During the pendency of the fourteen day notice period and during the pendency of any challenge to the designation of a document or information, including any request for relief from the Court in response to such challenge, the designated document or information shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this Order.

14. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed

independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

     15.    The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated: October 24, 2014         LINDA DEOS

By: */s/ Linda Deos (as authorized 10/24/14)*
     Linda Deos

Attorney for Plaintiff
ROBERT JAMES ANTHONY

Dated: October 24, 2014         JONES DAY

By: */s/ Michael G. Morgan*
     Michael G. Morgan

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

Dated: October 24, 2014         REED SMITH LLP

By: */s/ Raagini Shah (as authorized 10/2/14)*
     Raagini Shah

Attorneys for Defendant
CARDWORKS SERVICING, LLC

IT IS SO ORDERED.

Dated: October 30, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE